IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 3:25-cv-00773-KDB-DCK

RAMON ORTEZ, JR., as an individual,

Plaintiff,

vs.

BACKGROUND INVESTIGATIONS BUREAU, LLC; and DOES 1-10 inclusive,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Background investigations Bureau, LLC ("Background") hereby provides this Memorandum of Law in Support of its Motion to Dismiss. [Dkt. 7].

## I. INTRODUCTION

This case arises out of Plaintiff Ramon Ortez Jr. ("Ortez") filing a complaint against Defendants under the Fair Credit Reporting Act ("FCRA"). Specifically, Ortez alleges that he submitted an application for employment at Pace Academy, a charter school in South Carolina. [Dkt. 1, ¶ 2]. Ortez alleges that in connection with his application to Pace Academy, the school procured a criminal history check from Background. *Id*. at ¶ 3. Ortez contends that the report Background provided to Pace Academy had "outdated and inaccurate" criminal charges for which Ortez was pardoned, but that Background failed to disclose the pardon on the report. *Id*. at ¶¶ 4–6. Ortez alleges this error caused Pace Academy to deny his application. *Id*. at ¶ 8. Ortez brings two causes of action under the FCRA. The first cause of action is under

15 U.S.C. § 1681e(b), which requires a consumer reporting agency to follow "reasonable procedures to assure maximum possible accuracy of the information." [Dkt. 1, ¶¶ 18–22]. The second cause of action is under 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency reporting public record information to "maintain strict procedures designed to insure" the report is "complete and up to date." [Dkt. 1, ¶¶ 23–26]. For both causes of action, Ortez alleges the violation was willful or reckless; or in the alternative, negligent.

Background denies that it violated either statute, willfully, recklessly, or negligently. It further denies that Ortez being denied employment at Pace Academy is a "direct result" of any act or omission by Background. More importantly for purposes of this Motion, Ortez failed to timely serve Background with the Summons and Complaint as required by Fed. R. Civ. P. 4(m), which requires service within 90 days of the Complaint being filed. Because "proper delivery of [the] summons is a prerequisite to personal jurisdiction over a defendant in court[,]" this Court lacks jurisdiction over Background, and the Complaint should be dismissed without prejudice as required under Rule 4(m). *See Washington v. Cedar Fair, L.P.*, 2023 WL 1456294, at *3–4 (W.D.N.C. 2023) (dismissing the complaint where Plaintiff failed to issue a summons in the time required by the applicable rule).

## II. FACTUAL SUMMARY

As explained in Background's Motion, Ortez filed his Complaint on October 8, 2025. [Dkt. 1]. He waited until January 12, 2026, to obtain a summons to Background. [Dkt. 2]. On January 14, 2026, approximately 98 days after Ortez filed the Complaint,

2

Background received the Summons and Complaint. On February 4, 2026, Background sought a motion for extension of time to answer or respond to the Complaint, which the court granted through February 19, 2026, via text order on February 5, 2026. [Dkt. 4]. To date, Background has not waived service, and Ortez has not filed any proof of service. Background's Motion constitutes its timely response to the Complaint.

### III. ARGUMENT

Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In the Fourth Circuit, when faced with a motion to dismiss for untimely service a district court has discretion to dismiss the case or order service be accomplished within a specified time. *See Gelin v. Shuman*, 35 F.4th 212, 219–20 (4th Cir. 2022). Further, the federal rules require the plaintiff to prove service by way of affidavit absent waiver of service by the defendant. *See* Fed. R. Civ. P. 4(l), *Bliss v. Anson Cnty.*, 2023 WL 167193, at *2 (W.D.N.C. 2023) ("without proof of service, the Court can only conclude that service has not taken place"). Courts faced with a motion to dismiss for failure to timely serve consider such motions as motions to dismiss pursuant to Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure. *See e.g.*, *Fincher v. Advocate Health*, 2025 WL 240951, at *1–2 (W.D.N.C. 2025).

Rule 4 requires a court to "extend the time for an appropriate period" if the

3

plaintiff shows good cause for the delay. Fed. R. Civ. P. 4(m). Further, Federal Rule of Civil Procedure 6(b) allows the Court to extend the time for plaintiff to serve the summons "for good cause." Fed. R. Civ. P. 6(b)(1). Importantly, where a motion for extending time is made "after the time has expired," the court may grant the extension "if the party failed to act because of excusable neglect." *Id*. at 6(b)(1)(B).

"To establish good cause, Plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service." *Ghazarian v. Specialized Bicycle Components, Inc.*, 2019 WL 315997, at *2 (W.D.N.C. 2019) (cleaned up). "At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause. *Murdock v. Moore*, 2024 WL 5011630, at *2 (W.D.N.C. 2024).

The facts of this case are straightforward. The Complaint was filed on October 8, 2025. [Dkt. 1]. Plaintiff allowed more than 90 days to pass before a summons by the Clerk was issued on January 12, 2026. [Dkt. 2]. At no time before the 90 days expired, or since, has Ortez's counsel moved the Court for an order extending its time to serve Background. To date, Plaintiff has not proven service as required by Rule 4(l). Certainly, nothing in the record to date shows that Ortez's failure to timely serve Background was for "good cause" or "excusable neglect." In sum, Plaintiff has not met his burden of proof to show that service in this case has been proper, and because proper service is a prerequisite to personal jurisdiction, he has not met his burden for this Court to exercise jurisdiction over Background. *See Fincher*, 2025 WL 240951, at *2; *Washington*, 2023 WL 1456294, at *3–4.

## IV. CONCLUSION

For the reasons stated herein, Background respectfully moves this Court for an Order dismissing the Complaint without prejudice for failure to timely serve and prove service as required by Fed. R. Civ. P. 4(l)–(m) pursuant to Fed. R. Civ. P 12(b)(2), (4), and (5).

This the 19th day of February, 2026.

**GORDON REES SCULLY MANSUKAHANI, LLP**

By: */s/ Christi Hunoval*
CHRISTI HUNOVAL – N.C. State Bar No. 37194
Email: chunoval@grsm.com
BEN WILLIAMS – N.C. State Bar No. 53665
Email: bwilliams@grsm.com
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601
Phone: 919.787.4555
*Attorneys for Background Investigations Bureau, LLC*

5

## **CERITIFICATE OF SETTLEMENT CONFERENCE**

I certify that a settlement conference with counsel for Plaintiff was held via videoconference on February 17, 2026. While the parties did not reach a settlement, counsel for the parties agreed to continue working together in good faith to see if a resolution can be reached.

This the 19th day of February, 2026.

**GORDON REES SCULLY MANSUKAHANI, LLP**

By: */s/ Christi Hunoval*
CHRISTI HUNOVAL – N.C. State Bar No. 37194
Email: chunoval@grsm.com
BEN WILLIAMS – N.C. State Bar No. 53665
Email: bwilliams@grsm.com
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601
Phone: 919.787.4555
*Attorneys for Background Investigations Bureau, LLC*

6

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Memorandum of Law in Support of its Motion to Dismiss to be filed electronically using the Court's CM/ECF electronic filing system, which will serve a copy on all counsel of record, including:

C. Scott Meyers
N.C. State Bar No. 30651
Email: smeyers@revolution.law
Revolution Law Group
1175 Revolution Mill Drive, Suite 8
Greensboro, NC 27405
Phone: 336.333.7907

This the 19th day of February, 2026.

**GORDON REES SCULLY MANSUKAHANI, LLP**

By: */s/ Christi Hunoval*
CHRISTI HUNOVAL – N.C. State Bar No. 37194
Email: chunoval@grsm.com
BEN WILLIAMS – N.C. State Bar No. 53665
Email: bwilliams@grsm.com
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601
Phone: 919.787.4555
*Attorneys for Background Investigations Bureau, LLC*