**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00773-KDB-DCK**

| | |
|---|---|
| **RAMON ORTEZ JR.,** | |
| **Plaintiff,** | |
| **v.** | <u>**MEMORANDUM AND ORDER**</u> |
| **BACKGROUND INVESTIGATIONS BUREAU, LLC, AND DOES 1-10,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Defendant Background Investigations Bureau's Motion to Dismiss (Doc. No. 7) Plaintiff's Fair Credit Reporting Act claims. The Court has carefully considered this motion, and the parties' briefs and exhibits. For the reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

### A. Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and proper service of process. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued and served in accordance with the Federal Rules of Civil Procedure before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

1

**B. Rules 12(b)(4) and (12)(b)(5)**

Prior to the exercise of personal jurisdiction, Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd., supra* at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

## II. FACTS AND PROCEDURAL HISTORY

After a background report produced by Defendants in connection with an employment application revealed an allegedly "outdated and incorrect" criminal history and Plaintiff was subsequently denied employment, he filed the present action in October 2025, alleging Defendants

violated the Fair Credit Reporting Act by not ensuring the accuracy of its information. Doc. No. 1 ¶¶ 3–11.

On November 13, 2025, Plaintiff's counsel emailed counsel for Defendant Background Investigations Bureau's ("Bureau"), requesting that they accept service. Doc. No. 11 at 1. Bureau's counsel did not respond. *Id.* On January 12, 2026, after recognizing that he had "inadvertently failed to file a draft copy of the summons" with the Complaint, Plaintiff's counsel filed the proposed summons. *Id.* Two days later, and nine days after the deadline for service Plaintiff asserts that the summons and complaint were properly served on Defendant Bureau. *Id.* at 1–2.

On February 19, 2026, Defendant Bureau moved to dismiss for lack of personal jurisdiction and insufficient service of process. Plaintiff has filed a Response, attaching proof of service on Defendant Bureau, *see* Doc. No. 11-1 at 5–6, and the motion is ripe for this Court's review.

### III. DISCUSSION

Absent waiver of service of process or consent, the failure to obtain proper service of process—even if the defendant gains actual notice—deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984); *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 564 S.E.2d 569, 572 (2002) ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party."). Federal law authorizes a defendant LLC to be served in accordance with state law. *See* Fed. R. Civ. P. 4(h)(1)(A). North Carolina law provides that service on an LLC may be effectuated by "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or

3

agent to be served ... delivering to the addressee, and obtaining a delivery receipt." *See* N. C. R. Civ. P. 4(j)(8)(d).

Plaintiff reports that he attempted to effectuate service both before and after the expiration of the 90-day period prescribed by Rule 4(m), and it is undisputed that Bureau received an improperly captioned summons and complaint nine days after the expiration of the 90-day period. Doc. No. 8 at 2. However, in keeping with the overriding interest in elevating substance over form and deciding cases on the merits, Fed. R. Civ. P. 4(m) provides that if a plaintiff shows good cause for his failure to serve a defendant within 90 days after the complaint is filed then the "court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

On the record before it, the Court finds that Plaintiff's efforts to engage with Bureau's counsel prior to the deadline demonstrates a good-faith attempt at compliance, and that his prompt service after belatedly filing the summons constitutes a reasonable—if imperfect—effort to effectuate service. Accordingly, Bureau's Motion will be denied without prejudice. The Parties are directed to meet and confer no later than May 20, 2026, to determine whether they can agree that service has now been completed, given that Plaintiff has attached proof of service to his Response to the Motion to Dismiss and Bureau has acknowledged that it received the summons and complaint. If the Parties cannot reach agreement, Plaintiff will have 30 days from May 21, 2026, to complete service and file proof thereof with the Court.

4

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 7) is **DENIED**; and

2. The Parties are directed to meet and confer no later than May 21, 2026, to determine whether they can agree that service has now been completed. If the Parties cannot reach agreement, Plaintiff will have 30 days from May 21, 2026, to complete service and file proof thereof with the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 7, 2026

Kenneth D. Bell
United States District Judge